[No. 3977.]

PHILIPS v. SMITH ET AL.

ELECTIONS—NOMINATIONS BY PETITION—REGULARITY.

Where two sets of nominees claim to be the nominees of a political party, the controlling question in the contest is which set was nominated by the regular convention of the party, and the same rule applies to nominations by petition. The regularity of a convention depends upon its assembling in accordance with a call by those representing the party in the district for which the convention assembled, and a nomination by petition by persons authorized to represent a political party and under the direction of the representatives of that party, will be received in preference to one made by persons not so authorized, even though the latter be first filed with the proper officer.

*Upon Review from the District. Court of Lake County.*

CHARLES CAVENDER and others were nominated by petition as the candidates of the Teller Silver Republican party, in which petition the emblem of that party, theretofore filed in the nomination of a state ticket, was also adopted. This certificate of nomination was filed on the 20th day of October, 1898. Previous to the time of such filing, a meeting of the representatives of the party was held in Denver, at which a member of the state central committee and chairman of the county committee were appointed for the county of Lake, who subsequently directed a petition to be circulated, nominating the respondents for the same offices under the name and emblem claimed by Mr. Cavender and his conominees, which certificate was tendered for filing October 22, 1898. In the

proceedings had before petitioner, as county clerk and recorder of Lake county, it was held that those named in the certificate of nomination filed October 20, were entitled to appear on the official ballot as the nominees of the party for the county named. On review by the district court, this ruling was reversed, and judgment rendered that the list of persons named in the certificate tendered for filing October 22, was entitled to appear upon such ballot, from which judgment petitioner brings the case to this court for review.

Mr. JOHN A. EWING and Mr. J. M. MAXWELL, for petitioner.

Mr. W. H. BRYANT, for respondent.

MR. JUSTICE GABBERT delivered the opinion of the court.

When a contest arises over different sets of nominations claimed to have been made by the same political party, one of the controlling questions always is, which set was made by the regular convention of such party? Ordinarily this regularity depends upon a nomination made by delegates selected and convening in accordance with the call by those representing the party in the district in which such convention is held. The same rule with regard to regularity must be observed and control in nominations made by petition. If a party is organized, although it may not have sufficient strength to make nominations by convention, it is entitled to have whatever proceedings it may take with reference to making nominations protected in the same way that nominations by conventions are, and, therefore, if parties undertake to make a nomination by petition who are not authorized to do so, such a nomination cannot be sustained as against one made by those who do represent the party. The nomination of respondents, as the nominees of the Teller Silver Republican party was at the instance and under the direction of the representatives of that party for the county of Lake, and al-

though the certificate of such nomination was filed with the county clerk and recorder subsequent to the one filed by Mr. Cavender and his conominees, it is entitled to recognition as against the latter, for the reason that the nomination so made was at the instance of the representatives of the Teller Silver Republican party, and the latter was not. The judgment of the district court is affirmed.

*Affirmed.*

CAMPBELL, C. J., dissenting.

In the district court the decision was in favor of the respondent Smith on the ground that the Cavender petition was not filed in good faith. A microscopic investigation of the record by this court fails to reveal any evidence to sustain such a finding, but another reason is given for the affirmance of the judgment.

If I understand the opinion, the Smith nomination is held regular because made by the representatives in Lake county of the Teller Silver Republican party. If that principle is to control, the ruling is wrong, as the following summary of the conceded facts shows:

When the decision in *Whipple v. Broad, ante,* p. 407, gave to the Broad state ticket the use of the name and emblem of the Silver Republican party, the adherents of the rival, or Blood, faction, in order to have the benefit of a party name and emblem on the official ballot, were obliged to, and did, file their state ticket by petition with the secretary of state, and selected as a party name " The Teller Silver Republican Party " and a certain emblem, and made their former nominees for state offices the nominees of the new party.

In *Schafer v. Whipple, ante,* p. 400, we held that an emblem might thus be appropriated and a political party formed.

In *Twombly v. Smith, ante,* p. 425, it was held that a state convention had no power to determine the regularity of conventions in a subordinate division of the party, but that the latter must make this determination for itself. Although I

did not concur in the decision in the last case, still, if it was good law there, it ought to be here, and that it should be applied to the facts of this case would seem conclusive when they are fully stated.

When the split in the Silver Republican party occurred at the state convention at Colorado Springs, the delegation from Lake county participated in the Blood convention, and the Lake county organization since that time has acted with the Blood faction. It is the Blood faction of the Silver Republican party that withdrew from that organization when it was defeated in the contest for supremacy therein, and it was the officials of the state committee of that faction of the old party that organized the Teller Silver Republican party, and made the nominees of the former faction the nominees of the new party.

When the state ticket of the Teller Silver Republican party was thus made up, the Blood faction of the old party in Lake county, through its county central committee, filed with the county clerk the senatorial ticket bearing the name of Charles Cavender, as the nominee for senator of its legitimate successor the Teller Silver Republican party, Cavender being the previous nominee for that office, through the nomination of a regular convention of the Silver Republican party called for that express purpose, and they selected the same name and emblem that was selected by the state committee of the same faction of the party. All this was done by the Lake county officials in the utmost good faith. Those filing the Cavender petition were, and are, supporters of the Teller Silver Republican state ticket, which is the same as the Blood state ticket of the former party, and they repudiate any connection with the Broad state ticket. The Smith ticket was nominated by the filing of a petition circulated by persons designated by the state committee of the new party as officers of the party in Lake county. But, in the light of the facts, the latter had no right, as against the Cavender party, to the name and emblem of the new party, nor were they its local representatives. It is, of course, conceded that

the officials of the Blood state committee of the Silver Republican party had the power (and exercised it) of creating, or taking the initiative in forming, the state Teller Silver Republican party and nominating its state ticket, and, if that is so, it certainly was equally within the power of the Blood county committee of Lake county to create, or take the first step in creating, the new party in that county, and make nominations thereunder by petition.

This conclusion follows necessarily if, as to these matters, subordinate divisions of the party depend upon, and are controlled by, the acts of the officials of the state party when the latter hold their positions from the state convention. But if such is not the correct doctrine, as the majority have determined in the *Twombly* case, *supra*, and if the true doctrine is that each subordinate division of the state party possesses the right, independent of the state organization, to organize the local party and nominate its tickets then *a fortiori* it was entirely beyond the power of the new or old state organization to interfere in the county or senatorial districts, and any provisional appointments of local officials by the state committee would be wholly inoperative and void.

From the foregoing statement it seems clear that the Cavender ticket, and not the Smith ticket, was placed in nomination by the county representatives of the Teller Silver Republican party. The ruling to the contrary seems, to my mind, an unwarrantable exercise of power without the slightest foundation in the facts of this case to support it. For this reason I think the judgment of the district court should be reversed, and an order entered directing the certification on the official ballot of the Cavender ticket.