[No. 7939.]

## McBROOM ET AL. v. BROWN.

1. ELECTIONS—*Nomination by Certificate*—The nomination, by certificate, of the candidates of an organized party, authorized by such party, are to be protected to the same extent, and in the same manner, as nominations made by convention, even though such party have not sufficient strength to make nominations by convention. The authorized use by others of the name of such party, in a certificate making nominations for an approaching election, even though prior in point of time to a certificate presented by the proper authorities of the party, will not prevent the filing of the latter. *Phillips v. Smith*, 25 Colo. 456, followed.

2. *Practice in the Supreme Court—Judgment*—The county clerk had wrongfully refused to accept a certificate making nominations for an approaching election. In view of the brief time intervening between the hearing and the day appointed for the election, the court, to avoid the delays which must attend a remand of the cause, gave judgment commanding the county clerk to file the certificate as of the date upon which it was presented, and proceed in the matter as required by the statute.

*Error to Arapahoe District Court.*—Hon. CHARLES McCALL, Judge.

Mr. JOHN H. GABRIEL and Merrs. CRUMP & ALLEN, for petitioners.

Mr. DANIEL PRESCOTT and Mr. E. M. SABIN, for respondent.

Mr. JUSTICE HILL delivered the opinion of the court:

Upon the morning of September the 6th, 1912, immediately after he opened his office, a certificate of nomination, in due form, nominating the petitioners by petition for sundry county offices, was tendered to the county clerk and recorder of Arapahoe county for filing. The name therein designated by the petitioners for their ticket was "The Progressive Party." The clerk refused to accept or file the certificate, giving as his reason that he had already filed a similar certificate for other nominees under the name of "The Progressive Party." This action is to compel the clerk to accept the certificate nominating the petitioners and to expunge the other.

No question was raised in the court below or here as to proper parties, petitioners or respondents, and we will give the matter no consideration, but will limit our opinion to the questions presented. At the trial but two questions were made issues. First; which of the two certificates was first tendered for filing? Second; was there at that time a political party in existence in this state and in Arapahoe county known as and entitled to this name, and if so, which of the two certificates was authorized by that political party?

The evidence is conclusive of the fact, and it stands admitted, that a political organization under this name was then in existence in this state, and also in Arapahoe county, with recognized officials; that the nomination of the petitioners had been authorized by this organization, and that the nomination of the candidates upon the certificate filed had not been thus authorized.

In *Philips v. Smith et al.*, 25 Colo. 456, this court held, that where a party is organized, although it may not have sufficient strength to make nominations by convention, it is entitled to have whatever proceedings it may take with reference to making nominations protected in the same way that nominations by conventions are; that if parties undertake to make a nomination by petition, who are not authorized to do so, such a nomination cannot be sustained as against one made by those who do represent the party. The facts are the same here. But counsel contend, that this decision does not apply, for the reason, that we then had under consideration the former statutes; while these nominations are made under the election act of 1910, adopted at the special session; that section 26 gives any set of petitioners the right to adopt any name they desire, not theretofore used for the same office, except that of any political party as defined in the act. The definition is contained in section 2. It defines a political party as any political organization (having candidates at, and) whose candidate for governor received ten per cent. of the total vote cast at the preceding general election. We cannot agree with respondent's contention concerning the construction to be given these sections. In passing upon them the entire act, as well as the other material provision of our election laws, should be considered; when thus done we find very little change in this respect. It will be observed that the prior act did not, in words, prohibit petitioners nominating independent candidates from using the name of a political party, but did provide that they shall insert the political or other name which the signers shall select. But its entire context shows conclusively as held in

*Philips v. Smith et al., supra,* that it was never intended that the petitioners for an independent candidate could use the name of a political party as defined by the act, or that they could likewise, without authority, appropriate the name of a party after its organization which had not yet sufficient strength to make nominations by convention. The proviso in section 26 of the act of 1910 was evidently intended to prevent something further than the use of the name of a political party as defined by the act. That was unnecessary for the reason that this court had heretofore held that the names of such parties or those not covered by the definition of the old act could not be thus appropriated without authority. Was it not inserted more for the purpose of preventing independent candidates or new party candidates from using any portion of the names of the old parties, and thus avoid the confusion or misleading effect heretofore quite prevalent in this state under the former practice? Might it not also have been intended to prevent an independent candidate from being nominated against its wishes under the name of a political party as defined by the act, when the party had not seen fit to present any nominee for that office? These questions are unnecessary to determine. After a careful consideration of the entire act, as well as the other provisions pertaining to elections, we are of opinion that it will not bear the construction given it by the respondent. It follows that the opinion in *Philips v. Smith et al., supra,* is controlling. This makes unnecessary any determination concerning the priority of filings. The judgment is reversed.

Upon account of the short time intervening between now and the election and the delay which must follow if the cause is remanded, this court will enter its judgment in harmony with the prayer of the petition and direct that the respondent, as county clerk and recorder of Arapahoe county, accept and file the certificate of nominations presented upon behalf of the petitioners as of date September 6th, 1912, and certify in compliance therewith and in all other respects, as per the statutes in such case made and provided.

*Reversed, and judgment of this court entered.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER not participating.